**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

M.L.R.,[1]

      Plaintiff,

      v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

Case Nos. 1:19-cv-12213-RMB
1:21-cv-17326-RMB

**MEMORANDUM ORDER**

**RENÉE MARIE BUMB, Chief United States District Judge**

Attorney Alan H. Polonsky moves for attorney's fees under Section 406(b) of the Social Security Act, 42 U.S.C. § 406(b), based on a contingent-fee arrangement between himself and Social Security claimant, Plaintiff M.L.R.  For representing her in Social Security matters, Plaintiff agreed that Polonsky would receive 25% of any past due disability benefits award that the Commissioner of the Social Security Administration (the "Commissioner") doled out to her.  The Commissioner having awarded Plaintiff and her minor child a collective $161,826 in past due disability benefits, Polonsky now seeks $40,456.50 in attorney's fees from this total, or 25% thereof.[2]  For the reasons that follow, the Court will **GRANT** Polonsky's fee application filed in docket number 1:21-CV-17326.

---

[1] Due to the significant privacy concerns in Social Security cases, any non-governmental party will be identified and referenced solely by initials in opinions issued in Social Security cases in the United States District Court for the District of New Jersey.  *See* D.N.J. Standing Order 2021-10.

[2] The Court surmises that the Motion's fee request of $17,386.75 is a solecism on Polonsky's part, in light of the $40,456.50 fee asked for in his brief, the past due disability benefits awards

## I.    BACKGROUND

According to their contingent-fee agreement, Plaintiff agreed to pay Polonsky the greater of 25% of a past due disability benefits award or an Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, award as compensation for representing her in federal court on her Social Security appeal.  [Docket No. 20-9.]  Thereupon, in 2019, Polonsky filed a Social Security appeal in this Court at docket number 1:19-CV-12213, seeking to overturn the Commissioner's denial of Plaintiff's application for disability benefits.  *M.L.R. v. Comm'r of Soc. Sec.*, 1:19-CV-12213-NLH (D.N.J. May 7, 2019) (Docket No. 1).  After Polonsky filed a moving brief, the Commissioner agreed to a remand and this Court vacated the Commissioner's decision and remanded the case for more administrative proceedings.  *Id.* (Docket Nos. 6, 12–13).  Polonsky and the Commissioner then stipulated to an EAJA award of $2,590.66 in attorney's fees.  *Id.* (Docket No. 18).  The Court entered a consent order awarding Polonsky said amount under the EAJA.  *Id.* (Docket No. 19).  Polonksy did not move for attorney's fees under Section 406(b) in this first appeal.

On remand, in July 2021, the Commissioner found Plaintiff disabled, but with an onset disability date of May 1, 2018, not the May 6, 2014, date advocated for by Polonsky.  [Polonsky Br., at 1.]  Polonsky consequently filed a second Social Security appeal at docket number 1:21-CV-17326.  [Docket No. 1.]  After reviewing the papers, including the moving and reply briefs filed by Polonsky, this Court vacated the Commissioner's second decision and remanded the case once more for further administrative proceedings.  [Docket Nos. 9, 13, 16.]  Polonsky and the Commissioner stipulated to an EAJA award of $7,054.75 in

---

at issue, and the contingent-fee arrangement.  *See* [Docket Nos. 20; 20-1 ("Polonsky Br."); 20-7, at 1; 20-8, at 1; 20-9.]

attorney's fees, with the Court entering a consent order awarding Polonsky that amount under the EAJA.  [Docket Nos. 17–19.]  On remand for a second time, the Commissioner found Plaintiff disabled as of May 6, 2014, awarding her $108,165 in past due disability benefits and her minor child, an auxiliary beneficiary, $53,661, for a total of $161,826.  [Polonsky Br., at 1–2.]  The Commissioner is withholding a total of $40,456.50 of these awards, $27,041.25 from Plaintiff's and $13,415.25 from her minor child's, which represents Polonsky's 25% contractual share.  [Docket Nos. 20-7, at 1; 20-8, at 1.]  Polonsky now seeks a fee award for that amount based on his contingent-fee agreement with Plaintiff.  [Docket No. 20.]

Polonsky spent 13.6 hours on the first Social Security appeal and 30.95 hours on the second.  [Polonsky Br., at 3; Docket Nos. 20-4, 20-6.]  While Polonsky's typical non-contingent hourly rate is $350, he contends the $40,456.50 in attorney's fees is reasonable given the time spent on the two appeals, their risk of non-recovery, and the ultimate, favorable result obtained for Plaintiff and her minor child before this Court and on remand.  [Polonsky Br., at 2–4 & nn.4–6.]  Polonsky adds that the requested fee award is in line with those previously awarded by this Court.  [*Id.*, at 3–4 n.4 (collecting cases).]  The Commissioner neither supports nor opposes Polonsky's Motion for Attorney's Fees.  [Docket No. 21, at 2.]

## II.    STANDARD OF REVIEW

The Social Security Act allows an attorney to have a contingent-fee arrangement with a Social Security claimant under which the attorney receives a percentage of the benefits award.  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (explaining the Act "does not displace contingent-fee agreements").  Section 406(b) of the Act provides:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not

> in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b).  "Contingent fee arrangements are 'the primary means by which fees are set for successfully representing Social Security benefits claimants in court.'"  *Laurice A.H. v. Kijakazi*, No. CV 20-18687 (GC), 2023 WL 8237336, at *2 (D.N.J. Nov. 28, 2023) (quoting *Gisbrecht*, 535 U.S. at 807). By Section 406(b)'s plain terms, contingent-fee arrangements providing for fees beyond 25% of past due benefits are "unenforceable."  *Gisbrecht*, 535 U.S. at 807.

While Congress permits contingent-fee arrangements in the Social Security realm, courts must police those agreements to ensure they are reasonable.  *Id.* ("[Section] 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.").  In so doing, courts look to "the experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the EAJA fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding."  *Leak v. Comm'r of Soc. Sec.*, No. CV 11-51 (CCC), 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017).  "Courts should [also] consider the nature and length of the professional relationship with the claimant—including any representation at the agency level[.]"  *Fields v. Kijakazi*, 24 F.4th 845, 855 (2d Cir. 2022).  "While § 406(b) fees compensate counsel for court-related work, consideration of 'the time spent and work performed by counsel on the case when it was pending at the agency level' can inform a district court's understanding of 'the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court.'"  *Id.* (quoting *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)).  And courts must never forget "the primacy of lawful attorney-client fee agreements."  *Acosta v.*

*Comm'r of Soc. Sec.*, 2022 WL 1598947, at *1 (3d Cir. May 20, 2022) (quoting *Gisbrecht*, 535 U.S. at 793).

Courts can reduce "an attorney's recovery based on the character of the representation and the results the representative achieved," or "[i]f the attorney is responsible for delay." *Gisbrecht*, 535 U.S. at 808. Courts will also reduce a fee award when "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* Put differently, courts will reduce a fee award to prevent windfalls to attorneys. *Id.* In evaluating fee applications, courts have struggled to determine what constitutes a windfall to attorneys. *See Arnold v. O'Malley*, 106 F.4th 595, 600–01 (7th Cir. 2024); *accord Fields*, 24 F.4th at 853–54. The windfall analysis is not "a way of reintroducing the lodestar method" to determine whether a fee under § 406(b) is reasonable. *Fields*, 24 F.4th at 854. Because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.* Finally, if the attorney has received a fee award under the EAJA, the attorney must refund that award to the Social Security claimant. *Gisbrecht*, 535 U.S. at 796 (alteration in original) (internal citation omitted) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'").

## III.    DISCUSSION

Against this backdrop, the Court turns to Polonsky's fee application. The Court considers first his relevant legal experience. *See Leak*, 2017 WL 5513191, at *1. Polonsky has substantial experience handling Social Security matters, having represented hundreds of

Social Security claimants in thousands of administrative proceedings since 1988. [Polonsky Br., at 4 n.6.]

Next, the Court considers Polonsky's hourly rate and the nature of the contingent fees sought. *Leak*, 2017 WL 5513191, at *1. Polonsky seeks $27,041.25 from Plaintiff's award and $13,415.25 from her minor child's award, for a total of $40,456.50 in attorney's fees, which constitutes 25% of the awards. [Polonsky Br., at 4–5.] Under the contingent-fee agreement, Plaintiff agreed to pay Polonsky 25% from any past due disability benefits award as compensation for representing her in the Social Security appeals. [Docket No. 20-9.] Polonsky spent a total of 44.55 hours on Plaintiff's Social Security appeals, which computes to an hourly rate of $908.11. [Polonsky Br., at 3 n.4.] Courts in this District have found similar imputed hourly rates reasonable under the circumstances. *See Wells v. Comm'r of Soc. Sec.*, 1:20-CV-10259-NLH, 2024 WL 447768, at *1–*2 (D.N.J. Feb. 6, 2024) (approving imputed hourly rate of $1,056.34); *Mignone v. Comm'r of Soc. Sec.*, No. 13-6054, 2018 WL 259949, at *2 (D.N.J. Jan. 2, 2018) (approving an imputed hourly rate of $850.14); *Gonzalez v. Comm'r of Soc. Sec.*, Civil No. 10–3735 (NLH), 2017 WL 6513349, at *2–*3 n.3 (D.N.J. Dec. 19, 2017) (approving imputed hourly rate of $992.82).

This Court has reviewed the briefs Polonsky filed on Plaintiff's behalf in the two appeals seeking to overturn the Commissioner's decisions denying and partially awarding her and her minor child disability benefits. On the first appeal, the Commissioner agreed to a remand, and, after being unsatisfied with the Commissioner's first award thereafter, Polonsky persuaded this Court to remand in the second appeal, resulting in a total past due benefits award of $161,826 for Plaintiff and her minor child after roughly six years of litigation.

[Polonksy Br., at 1–2.] Given these circumstances, the Court finds the sought-after contingent fee reasonable.

Moreover, there was a high risk of non-recovery. When Plaintiff filed her Social Security appeals, the Commissioner had an average award rate of about 33%. SOC. SEC. ADMIN., ANNUAL STATISTICAL REPORT ON THE SOCIAL SECURITY DISABILITY INSURANCE PROGRAM, 2024, at 160 (December 2025). In light of this figure, Plaintiff's recovery was far from certain. Further, there is no evidence before the Court that Polonsky caused any delay to increase his fees. In fact, based on the dockets, Polonsky acted swiftly for his client, achieving a favorable result in this Court and before the agency on remand. And neither the Commissioner nor Plaintiff have objected to Polonsky's fee application.

Because of Polonsky's experience, standard hourly rate, labor expended, and risk of non-recovery, the Court finds reasonable the $40,456.50 requested fee. *Cf. Curry v. Comm'r of Soc. Sec.*, 1:15-CV-7515-NLH, 2023 WL 6533443, at \*1–\*2 (D.N.J. Oct. 6, 2023) (finding $30,735.75 fee reasonable where counsel certified to working a total of 28.7 hours in federal court). Polonsky, as he recognizes, must remit the $2,590.66 and $7,054.75 EAJA awards he received from Plaintiff. *Gisbrecht*, 535 U.S. at 796; [Polonsky Br., at 2.]

## IV.   CONCLUSION

For the reasons above, and for good cause shown,

**IT IS**, on this **25th** day of **February** **2026**, hereby:

1.   **ORDERED** that Counsel Alan H. Polonsky's Motion for Attorney's Fees under Section 406(b) of the Social Security Act [Docket No. 20] filed in the second Social Security appeal at docket number 1:21-CV-17326, is **GRANTED**; and it is further

2.    **ORDERED** that Counsel Alan H. Polonsky shall remit to Plaintiff M.L.R. the $2,590.66 awarded under the EAJA by this Court's previous order in the first Social Security appeal at docket number 1:19-CV-12213; and it is further

3.    **ORDERED** that Counsel Alan H. Polonsky shall remit to Plaintiff M.L.R. the $7,054.75 awarded under the EAJA by this Court's previous order in the second Social Security appeal at docket number 1:21-CV-17326; and it is finally

4.    **ORDERED** that Counsel Alan H. Polonsky shall be awarded $27,041.25 from Plaintiff M.L.R.'s past due disability benefits award and $13,415.25 from her minor child's past due disability benefits award, for a total of $40,456.50 in attorney's fees.

**/s/ Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge